IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RONALD BRYAN,
    Petitioner,

vs.                                    Case No.: 5:05cv171/SPM/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer and relevant portions of the state court record (Doc. 20). Petitioner filed a reply (Doc. 23).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed by the parties and established by the state court record. On March 2, 2004, in the Circuit Court in and for Bay County, Florida, Petitioner pled no contest to a charge of violation of probation (VOP) and was sentenced to a term of sixty (60) month of imprisonment (Doc. 20, Ex. B, Judgment in Case Number 03-556, dated March 2, 2004). Additionally, Petitioner was convicted on April 20, 2004, pursuant to a no contest plea, of driving while license revoked, resisting an officer without violence, escape, and petit theft, and sentenced

to time served on the resisting and petit theft charges, and five (5) years of imprisonment on the driving while license revoked and escape charges, with credit for 253 days of jail time (*id*., Judgment in Case Numbers 03-2458 and 03-2561, dated April 20, 2004). The court ordered that the sentences in all three cases run concurrently. Prior to sentencing in Case Numbers 03-2458 and 03-2561, Petitioner filed a motion for rehearing in the VOP case, alleging that he did not understand that the State had offered to recommend concurrent sentences of thirty (30) months in all three cases in exchange for Petitioner's guilty plea (*see* Doc. 20, Ex. C). At the sentencing hearing in Case Numbers 03-2458 and 03-2561, the court denied the motion for rehearing in the VOP case (*see* Doc. 20, Ex. B, Minute Entry for proceeding held on April 20, 2004, in Case Numbers 03-2458 and 03-2561). Petitioner did not directly appeal his convictions and sentences.

On January 2, 2005, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 20, Ex. D). The motion was denied on May 9, 2005 (*id.*, Ex. F). Petitioner appealed the decision to the Florida First District Court of Appeal (First DCA), and the appellate court affirmed the decision per curiam without written opinion on August 3, 2005, with the mandate issuing August 30, 2005 (*id.*, Ex. I). Bryan v. State, 908 So. 2d 1059 (Fla. 1st DCA Aug. 3, 2005) (Table).

Petitioner filed the instant habeas action on August 17, 2005 (Doc. 1 at 6). Respondent concedes that the petition is timely (Doc. 20 at 4).

II.     ANALYSIS

   A.     "Ground one: Sentencing court erred in violation of Fla. R. Cr. P. Rule 3.210 denying Petitioner protection of doctrine case law of Due Process."

(Doc. 1 at 4). Petitioner states that on February 2, 2004, the trial court granted the defense's request for a competency evaluation of Petitioner (*id*.). On February 18, 2004, the report of one doctor's evaluation (Dr. Rhyne's) was filed with the court (Doc. 20, Ex. E). The court convicted and sentenced Petitioner for the probation violation on March 2, 2004, without awaiting a second competency evaluation, holding a competency hearing, or making a competency determination (Doc. 1 at 4). Petitioner states that his counsel objected to the court's error in a motion for rehearing, but the court denied the motion (*see id.*; Doc. 20, Ex. C). Petitioner contends that the court's convicting and sentencing him without a second competency evaluation, a competency hearing, or a

competency determination violated Rule 3.210 of the Florida Rules of Criminal Procedure as well as his due process rights (Doc. 1 at 4; Doc. 23 at 4, 9-10 ).

Respondent contends the issue is a matter of state law and does not present a federal issue; therefore, although Petitioner exhausted this claim in the state courts, the claim is not cognizable on federal habeas review (*see* Doc. 20 at 5, 8-10).

It is well established that federal habeas relief is available to correct only constitutional injury.  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991); Wainwright v. Goode, 464 U.S. 78, 83-84, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983).  Errors of state law which do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief.  *See* Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas relief, since no question of a constitutional nature is involved.") (quoting Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983)).  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process."  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (citation omitted).

In the instant case, although Petitioner referenced his "Constitutional Due Process Rights" in his argument in his Rule 3.850 motion, his claim involves only a state law issue, as he challenges the trial court's failure to comply with the Florida procedural rule requiring examination by at least two mental health experts and a competency hearing prior to the trial court's proceeding further with the case when the defendant requests a competency evaluation.  Therefore, to the extent he claims noncompliance with Rule 3.120, his claim is not cognizable in federal habeas.

However, even if the court considered Petitioner's claim as asserting a federal due process violation, his claim is without merit.  The Eleventh Circuit has articulated the following federal standard for evaluating claims of both procedural and substantive due process violations involving the mental competency of defendants:

> The Due Process Clause of the Fourteenth Amendment prohibits states from trying and convicting mentally incompetent defendants.  James v. Singletary, 957 F.2d 1562, 1569-70 (11th Cir. 1992) (citing Pate v. Robinson, 383 U.S. 375, 384-86, 86 S. Ct. 836, 841-42, 15 L. Ed. 2d 815 (1966); Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960)).  The test for determining competence to stand

trial is "whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." Dusky, 362 U.S. at 402, 80 S. Ct. at 789.

A petitioner may make a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the defendant's mental competence was put at issue. Pate, 383 U.S. at 385, 86 S. Ct. at 842. To prevail on the procedural claim, "a petitioner must establish that the state trial judge ignored facts raising a 'bona fide doubt' regarding the petitioner's competency to stand trial." James, 957 F.2d at 1572 n. 15 (citing Fallada v. Dugger, 819 F.2d 1564, 1568 (11th Cir. 1987)). Even if a defendant is mentally competent at the beginning of his trial, the trial court must continually be alert for changes which would suggest that he is no longer competent. Drope v. Missouri, 420 U.S. 162, 180, 95 S. Ct. 896, 908, 43 L. Ed. 2d 103 (1975). Although there are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed," "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant." Id. Pate established "a rebuttable presumption of incompetency upon a showing by a habeas petitioner that the state trial court failed to hold a competency hearing . . . despite information raising a bona fide doubt as to the petitioner's competency," James, 957 F.2d at 1570, but the petitioner bears the burden of showing that "objective facts known to the trial court were sufficient to raise a bona fide doubt," Reese v. Wainwright, 600 F.2d 1085, 1091 (5th Cir.), cert. denied, 444 U.S. 983, 100 S. Ct. 487, 62 L. Ed. 2d 410 (1979). A Pate claim "can and must be raised on direct appeal" because an appellate court hearing the claim "may consider only the information before the trial court before and during trial." James, 957 F.2d at 1572.

A petitioner may make a substantive competency claim by alleging that he was, in fact, tried and convicted while mentally incompetent. Id. at 1571. In contrast to a procedural competency claim, however, "a petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence." Id. A petitioner who presents "clear and convincing evidence" creating a "real, substantial and legitimate doubt" as to his competence to stand trial is entitled to a hearing on his substantive incompetency claim. Id. at 1573 (quoting Fallada, 819 F.2d at 1568 n.1). To show entitlement to a postconviction evidentiary hearing on a substantive competency claim, "the standard of proof is high [and] the facts must positively, unequivocally, and clearly generate the legitimate doubt." Card v. Singletary, 981 F.2d 481, 484 (11th Cir. 1992) (quotations omitted), cert. denied, 510 U.S. 839, 114 S. Ct. 121, 126 L. Ed. 2d 86 (1993). A presumption of correctness attaches to a state court's finding of competence and a federal habeas court must determine that the finding is not "fairly supported by the record" before it may overturn the state court's decision.

Maggio v. Fulford, 462 U.S. 111, 117, 103 S. Ct. 2261, 2264, 76 L. Ed. 2d 794 (1983); Card, 981 F.2d at 484 n.5 (citing Demosthenes v. Baal, 495 U.S. 731, 110 S. Ct. 2223, 109 L. Ed. 2d 762 (1990)). A district court's determination that there is insufficient evidence to generate a substantial and legitimate doubt as to a petitioner's competence to stand trial is reviewed for clear error. Card, 981 F.2d at 483-84.

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Id.* at 487-88 (quoting United States ex rel. Foster v. DeRobertis, 741 F.2d 1007, 1012 (7th Cir.), *cert. denied*, 469 U.S. 1193, 105 S. Ct. 972, 83 L. Ed. 2d 975 (1985)). Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial. McCune v. Estelle, 534 F.2d 611, 612 (5th Cir. 1976). The fact that a defendant has been treated with anti-psychotic drugs does not per se render him incompetent to stand trial. Fallada, 819 F.2d at 1569.

When the competence of a defendant is called into question, the defendant is entitled, "at a minimum, . . . [to] access to a competent psychiatrist who will conduct an appropriate examination." Ake v. Oklahoma, 470 U.S. 68, 83, 105 S. Ct. 1087, 1096, 84 L. Ed. 2d 53 (1985). He does not, however, have "a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own." *Id.* Nor is he entitled to a favorable psychiatric opinion. Martin v. Wainwright, 770 F.2d 918, 935 (11th Cir. 1985), *modified in unrelated part*, 781 F.2d 185, *cert. denied*, 479 U.S. 909, 107 S. Ct. 307, 93 L. Ed. 2d 281 (1986).

Medina v. Singletary, 59 F.3d 1095, 1106-07 (11th Cir. 1995).

The controlling Florida procedural rule at the time of Petitioner's conviction, Rule 3.210 provides in relevant part:

> **(a) Proceedings Barred during Incompetency.** A person accused of an offense or a violation of probation or community control who is mentally incompetent to proceed at any material state of a criminal proceeding shall not be proceeded against while incompetent.
>
> (1) A "material state of a criminal proceeding" shall include . . . entry of a plea, violation of probation . . . proceedings, sentencing . . . .
> . . . .
> **(b) Motion for Examination.** If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days

> after the date of the filing of the motion, and shall order the defendant to be examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing.

Fla. R. Crim. P. 3.210(a, b(1)).

The Florida courts have held that a defendant may waive the requirements of the rule "as to [a] hearing and a specific ruling by the court on his sanity." *See* Thomas v. State, 894 So. 2d 1000, 1003 (Fla. 1st DCA 2005) (citing Hatchell v, State, 328 So. 2d 874, 875 (Fla. 1st DCA 1976)). In Hatchell, defense counsel filed a motion requesting the court to appoint experts to determine the defendant's mental competency. *Id.* at 874. The initial expert returned a report concluding, " the patient at the present time is probably mentally competent to understand the charges facing him and to adequately assist counsel in his own defense." *Id.* The trial court neither conducted a sanity hearing, nor made an affirmative ruling as to the defendant's sanity. *Id.* at 874-75. Furthermore, the defendant made no further motion for hearing or for ruling by the court. *Id.* at 875. "He and his counsel were apparently satisfied with the psychiatric report and his competency to stand trial because the next thing that occurred was a plea of guilty by appellant to the lesser included offense of manslaughter with a negotiated sentence." *Id.* The defendant then moved to withdraw the guilty plea and proceeded to a jury trial at which the jury convicted him of second degree murder. *Id.* The First DCA held that the defendant waived the requirements of Rule 3.210 as to a hearing and a specific ruling by the court regarding his mental competence. *Id.*

In Thomas, the defense made a motion for a competency evaluation, and the court appointed two mental health experts and scheduled a competency hearing. 894 So. 2d at 1001. At that hearing one of the appointed expert testified that he believed the defendant was incompetent to proceed. *Id.* Although three competency reports had been filed with the court by that time, only one expert, Dr. D'Errico, testified at the hearing. *Id.* at 1001-02. Defense counsel stated he intended to present no further evidence, and the prosecutor requested a continuance to determine whether he should call the other two experts. *Id.* at 1002. At a subsequent court proceeding, the defendant and his counsel stated that they did not wish to go forward with the competency hearing. *Id.* The defendant proceeded to trial at a later date without requesting further competency proceedings. *Id.* The First DCA noted that the parties did not dispute that Dr. D'Errico's report and testimony established a

reasonable ground to believe that the defendant was not mentally competent to proceed. *Id.* Additionally, the parties agreed that the trial court never entered an order finding the defendant competent to proceed. *Id.* Therefore, had the case proceeded to trial over an objection by counsel, reversible error would have occurred. *Id.* (citation omitted). Because counsel did not object, the issue was raised on direct appeal as "fundamental error." The Florida appellate court noted that "fundamental error in Florida is a structural error or an error without which a guilty verdict could not have been obtained"; and that "[s]uch an error amounts to a denial of due process." *Id.* at 1003. The court concluded that in light of the defendant's express waiver by requesting to proceed to trial, as well as the fact that both the defendant and his counsel had the benefit of other expert reports countering the inference of competency, the trial court did not commit fundamental error by proceeding to disposition without a competency determination. *Id.*

In the instant case, neither the state court record nor Petitioner present any facts raising a "bona fide doubt" regarding Petitioner's competency to stand trial. In the report of Dr. Rhyne, the clinical psychologist who examined Petitioner, Dr. Rhyne offered the following opinion as to Petitioner's competency:

> Mr. Bryan is fully aware of the nature of the charges against him and of the range of possible penalties should he be found guilty. He understands the duties and functions of the various officers of the court and the nature of the adversarial system. Mr. Bryan possesses the ability to effectively interact with his attorney and to assist in his own defense. He has the present ability to testify relevantly and to effectively challenge witnesses against him. He has the ability to maintain appropriate courtroom demeanor and to withstand prolonged incarceration while awaiting trial. It is my opinion that Mr. Bryan is presently competent to proceed in the matter of the instant charges. He is further competent to enter into a plea bargain arrangement with the Court should he choose to exercise this option.

(Doc. 20, Ex. E at 24).

Although Petitioner's counsel filed a motion for rehearing after Petitioner's VOP hearing, the motion stated that Petitioner did not understand that the State's plea offer encompassed all charges that were pending against him, and that he [Petitioner] was "wholly unprepared to go forward, as he anticipated hiring private counsel" (Doc. 20, Ex. C). Petitioner also filed a motion for rehearing and wrote a letter to the trial judge in which he stated that as a result of not being on his prescribed medication, he did not understand that the hearing on March 2, 2004, was his final

court date on the VOP, and he thought he would have another opportunity to accept the State's plea offer (*id*.). Petitioner also stated that because he had been without his medication, he had been listening to other people besides his attorney (*id*.). Petitioner stated that he made a mistake, and he asked the court to reconsider sentencing him in accordance with the State's offer of thirty (30) months (*id*.).

The undersigned concludes that Petitioner implicitly waived his right to a second evaluation and a competency hearing and competency determination by entering a no contest plea to the VOP without raising the issue of the second examination and a competency hearing. Furthermore, the requests for rehearing filed by Petitioner and his counsel did not seek rehearing on the ground that the court proceeded with sentencing absent the second examination and the hearing; nor did the requests allege facts that raised a "bona fide doubt" regarding Petitioner's competency to proceed. In light of Petitioner's waiver and, more importantly, the fact that neither the state court record, nor Petitioner's submissions in the instant case, contain facts that raise a bona fide doubt regarding his mental competency, the state court did not violate Petitioner's procedural or substantive due process rights by convicting and sentencing him without a second evaluation or a competency hearing and determination. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

> B.    "<u>Ground two: The State made an offer for 30 months for all counts concurrent; hearing set aside for competency evaluation which was violated (cf. ground 1). Judge sentenced Defendant to 60 month [sic]</u>."

(Doc. 1 at 4). In Ground two, Petitioner repeats his contention that the trial court violated his due process rights by sentencing him to sixty (60) months without a second mental health evaluation, a competency hearing, and a determination of his competency, and argues that this alleged error deprived him of the opportunity to accept the State's plea offer of thirty (30) months, which was made prior to defense counsel's request for a competency evaluation (Doc. 1 at 4; Doc. 23 at 5, 8).

As with Ground one, Respondent contends the issue is a matter of state law and does not present a federal issue; therefore, although Petitioner exhausted this claim in the state courts, the claim is not cognizable on federal habeas review (*see* Doc. 20 at 11, 14-16).

This additional allegation of prejudice suffered by Petitioner as a result of the trial court's alleged due process violation does not change this court's determination that Petitioner has alleged

no facts that raise a 'bona fide doubt' regarding his competency to proceed, nor does the state court record contain such facts.  In the absence of this showing, Petitioner has failed to demonstrate that the trial court violated his due process rights by proceeding to sentencing without a second mental health evaluation, a competency hearing, and a determination of his competency.  Accordingly, Petitioner is not entitled to federal habeas relief.

As a final note, Petitioner argues in his reply brief that the trial court's alleged error violated the Equal Protection Clause as well.  To the extent he raises an equal protection claim, he has failed to demonstrate a constitutional violation.  The Equal Protection Clause requires the government to treat similarly situated people in a similar manner.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985).  To state a claim for an equal protection violation based on the unequal administration or enforcement of neutral statutes and policies, Petitioner must show 1) that he is similarly situated to others who received different treatment and 2) that the different treatment was motivated by a discriminatory purpose.  *See* Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996); E&T Realty v. Strickland, 830 F.2d 1107, 1112-13 (11th Cir. 1987).  Thus, in order to assert a viable equal protection claim, Petitioner must first make a threshold showing that he was similarly situated in the relevant aspects to those who received more favorable or different treatment.  *See, e.g.*, Campbell v. Rainbow City, Ala., 424 F.3d 1306, 1314-1317 (11th Cir. 2006) (rejecting an equal protection claim where developer had not established that other projects were similarly situated in terms of, *inter alia*, proposed use, number of variances sought, procedural status and documentation presented to zoning board); Oliver v. Scott, 276 F.3d 736, 746-47 (5th Cir. 2002) (rejecting equal protection claim where security-related policy treated male and female prisoners differently because male prisoners in a certain prison were more numerous and had been convicted of more violent offenses).  "Bare allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that these 'other' applicants were situated similarly to the Plaintiff."  GJR Inv., Inc. v. Escambia, 132 F.3d 1359, 1367–68 (11th Cir. 1998).

In the instant case, Petitioner has failed to show that he was similarly situated in the relevant aspects to those who received more favorable or different treatment.  Therefore, he has failed to establish an equal protection violation.

Case No: 5:05cv171/SPM/EMT

Based upon the foregoing, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

At Pensacola, Florida, this 5<u>th</u> day of December 2006.

<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**